19187

Gloria I. WYNN, by her Guardian *ad Litem,*
Jessie L. Wynn, Appellant, v. John DOE, Respondent

(180 S. E. (2d) 95)

*Messrs. Dowling, Dowling, Sanders & Dukes, P. A.,*
of Beaufort, *for Appellant,*

*Ladson F. Howell, Esq.,* of Beaufort, *for Respondent,*

March 22, 1971.

Moss, Chief Justice:

Gloria I. Wynn, by her *guardian ad litem,* the appellant herein, brought this action against "John Doe", an unknown motorist, the respondent herein, to establish liability for personal injuries sustained by her on June 27, 1969, in an alleged automobile accident with a motorist whose identity is unknown, so as to entitle her to recover under an uninsured motorist endorsement of a liability insurance policy applicable to her. In her complaint, she alleges that while riding a motorcycle on U. S. Highway 278, she came upon a very slick and dangerous chemical substance on the highway, such having been dumped or spilled thereon by an unknown motorist at some prior time, causing her motorcycle to go out of control and turn over, inflicting personal injuries upon her.

The action here is one under Section 46-750.31 *et seq.,* 1970 Cumulative Supplement to the South Carolina Code of

Laws. We are here concerned with Section 46-750.34, the pertinent portion of which is as follows:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless

\* \* \*

"(2) The injury or damage was caused by physical contact with the unknown vehicle."

Section 46-750.35 of the Code provides a remedy for the enforcement of such liability by authorizing an action against the unknown motorist in the fictional name of "John Doe", with the right given to the insurance carrier to defend in such name. Upon the service of the complaint, a motion in the nature of a demurrer was interposed thereto by appellant's insurance carrier, Balboa Insurance Company, upon the ground that it appears upon the face of the complaint that there was no physical contact between the motorcycle operated by the appellant and that of the unknown motorist against whom liability is sought to be established, as is provided in Section 46-750.34(2) of the Code.

By his order dated October 3, 1970, The Honorable Robert W. Hayes, presiding judge, granted judgment in favor of the respondent, holding that since there was no physical contact between the motorcycle driven by the appellant and the unknown vehicle, as required by Section 46-750.34(2) of the Code, no cause of action had been stated in the complaint.

The question for decision is whether the physical contact requirement of Section 46-750.34(2) of the Code is satisfied where it is alleged that the appellant's motorcycle turned over as a result of driving upon a slick chemical substance on the highway which was allegedly spilled thereon by an unknown motor vehicle. The appellant admits that there was no physical contact between the motorcycle operated by her with an unknown motor vehicle.

The right to recover for the negligence of an unknown motorist is determined, under the plain terms of Section 46-750.34(2), by whether or not the injury was caused by physical contact with the unknown vehicle. Nowhere does the statute state or imply that the physical contact requirement may be met by proof that there was in fact an unknown driver and vehicle nor by proof that the unknown vehicle caused the accident. In the words of the statute, there is "no right of action or recovery under the uninsured motorist provision, unless * * * the injury or damage was caused by physical contact with the unknown vehicle." The statute makes proof of physical contact a condition precedent in any case for the recovery of damages caused by an unknown driver and vehicle. There are no exceptions to this rule. *Coker v. Nationwide Ins. Co.,* 251 S. C. 175, 161 S. E. (2d) 175. It being agreed that there was no physical contact between the unknown vehicle and the motorcycle operated by the appellant, the absence of any such physical contact is fatal to her cause of action.

The appellant contends that since there was actual and physical contact with the chemical substance dumped or spilled onto the public highway by an unidentified and unknown vehicle, such meets the "physical contact" requirement of Section 46-750.34(2) of the Code. This contention is of no consequence because here the indispensable element of "physical contact with the unknown vehicle is absent and, therefore, to adopt the view advanced by the appellant would defeat the clear and unambiguous legislative intent expressed in the statute. Where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, as here, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. *Harling v. Board of Commissioners,* 205 S. C. 319, 31 S. E. (2d) 913.

The exception of the appellant is without merit and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.