[No. A031525. First Dist., Div. Two. Oct. 17, 1986.]

THELMA BARNES, Plaintiff and Appellant, v.
NATIONWIDE MUTUAL INSURANCE COMPANY,
Defendant and Respondent.

## Counsel

Brian J. Thornton and Meyer & Mitchell for Plaintiff and Appellant.

James H. Thompson, Jr., and Ropers, Majeski, Kohn, Bentley, Wagner & Kane for Defendant and Respondent.

## Opinion

**SMITH, J.**—While driving on a freeway in Oakland, California, Thelma Barnes collided with a box of dinette chairs that was lying in the road; she lost control of her car, smashed into the center guard rail and was injured. Ms. Barnes submitted a claim under the uninsured motorist provision of her Nationwide Mutual Insurance Company (Nationwide) policy, but Nationwide refused the claim. Ms. Barnes sued Nationwide, claiming that the box of dinette chairs that had caused her injuries had fallen from an unknown vehicle and that she was thus entitled to compensation under the uninsured motorist provision of her policy. Nationwide moved for summary judgment on the ground that there had been no "physical contact" between Ms. Barnes's automobile and the unknown vehicle, as required by Ms. Barnes's policy and by Insurance Code section 11580.2. The superior court granted summary judgment to Nationwide. This is Ms. Barnes's appeal.

### Introduction

As a prerequisite to recovery, both California's uninsured motorist statute, Insurance Code section 11580.2, and Ms. Barnes's policy require "physical contact" between the insured and the unknown vehicle. According to the definition of physical contact that has been developed by the courts, no physical contact occurred between Ms. Barnes's car and the unknown vehicle; thus, Ms. Barnes did not state a cause of action and we affirm the

superior court's decision. (See *Durbin* v. *Fletcher* (1985) 165 Cal.App.3d 334, 341 [211 Cal.Rptr. 483].)

## DISCUSSION

Our state Supreme Court considered the meaning of the physical contact requirement of the uninsured motorist statute in *Orpustan* v. *State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988, 992-994 [103 Cal.Rptr. 919, 500 P.2d 1119], where an accident occurred when the plaintiff swerved his truck to avoid hitting a car that was never identified. No actual physical contact occurred between the plaintiff's car and the unknown car, but plaintiff sued his insurance company when it did not pay his claim. (*Id.*, at p. 990.) Plaintiff argued that the purpose of the "physical contact" requirement of the statute was to prevent an insured driver from claiming that a phantom car had caused an injury, when it was actually the insured's negligence that had led to the injury; since he proved that the uninsured vehicle had actually caused his injuries, plaintiff claimed that he should be allowed to recover even without actual physical contact. (*Id.*, at p. 992.)

Our Supreme Court disagreed and stated that "[t]he right to recover for the negligence of an unknown motorist is determined, under the plain terms of the statute, by whether or not the 'bodily injury' was caused by 'physical contact.'" (*Id.*, at p. 993.) "The statute makes proof of 'physical contact' a condition precedent in every case for the recovery of damages caused by an unknown vehicle. There are no exceptions." (*Id.*, at p. 994.)

*Orpustan* discussed the meaning of "physical contact," defining it as "a direct application of force." (*Orpustan* v. *State Farm Mut. Auto. Ins. Co.*, *supra*, 7 Cal.3d 988, 993.) *Orpustan* used as an illustration of its definition *Inter-Insurance Exchange* v. *Lopez* (1965) 238 Cal.App.2d 441, 445-446 [47 Cal.Rptr. 834], a case where the physical contact was somewhat attenuated. (*Ibid.*) In *Lopez*, the insured's car was hit by another car, which had been hit by the uninsured car. Even though the uninsured's car did not come into contact with the insured's car, *Orpustan* noted that there was some physical contact in *Lopez*, a direct application of force by the uninsured vehicle. (*Ibid.*)

■ Obviously, as physical contact has been defined by the cases, Ms. Barnes's case does not involve physical contact between hers and the uninsured's vehicle. There was not a direct application of force from the uninsured vehicle. The box did not fall from the uninsured vehicle onto Ms. Barnes's car; it was lying in the road when Ms. Barnes hit it. Our courts have already considered and rejected the claim Ms. Barnes makes here, that because the box was a link in an otherwise unbroken chain of physical

contact between the uninsured vehicle and her own, sufficient physical contact occurred. (See *Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* 7 Cal.3d at p. 993.)

Because no actual physical contact occurred between Ms. Barnes's and the uninsured's vehicle, we affirm the trial court's granting of summary judgment.

Kline, P. J., and Benson, J., concurred.