CARLO G. FERREIRA, Appellant, v. CITY OF LAS VEGAS, NEVADA, Respondent.

No. 20224

June 28, 1990                                       793 P.2d 1328

*Michael R. Zervas,* Las Vegas, for Appellant.

*George F. Ogilvie,* City Attorney, and *Albert Matteucci,* Deputy, for Respondent.

## OPINION

*Per Curiam:*

On December 2, 1987, appellant was convicted in the Municipal Court of Las Vegas of one count of driving under the influence of alcohol, a misdemeanor. The municipal court sentenced appellant to forty-eight hours of community service and to pay fines and fees totalling $265. Appellant filed a timely appeal to the Eighth Judicial District Court and, on September 12, 1988, after a trial *de novo,* the district court entered an order affirming appellant's conviction and sentence.

---

On January 10, 1989, appellant filed in the district court the instant petition for post-conviction relief pursuant to NRS 177.315. The state opposed appellant's petition, and on May 3, 1989, the district court denied appellant's petition. This appeal followed.

Appellant contends that the district court erred when it denied his petition. Specifically, he argues that the district court erred during his direct appeal when it denied his motion to suppress evidence obtained as a result of certain field sobriety tests. We need not reach the merits of this contention. NRS 177.315(1) provides:

> Any person convicted of a crime and under sentence of death or imprisonment *in the state prison* who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the constitution of this state may, without paying a filing fee, apply for post-conviction relief from the conviction or sentence.

(Emphasis added.) This language indicates a clear legislative intent to make post-conviction relief available only to persons who are convicted of felony offenses and who are under a sentence of death or imprisonment for those offenses. *Compare* NRS 193.120(2) (a felony is a crime punishable by death or imprisonment in the state prison) *with* NRS 193.120(3) (a misdemeanor is a crime punishable by a fine of not more than $1000 or by imprisonment in a *county jail* for not more than six months). *See also* NRS 193.140 (a gross misdemeanor is a crime punishable by a fine of not more than $2000 or by imprisonment in a *county jail* for not more than one year, or by both).

"Where the intention of the legislature is clear, it is the duty of the court to give effect to such intention and to construe the language of the statute to effectuate, rather than to nullify, its manifest purpose." Sheriff v. Lang, 104 Nev. 539, 542, 763 P.2d 56, 58 (1988), *quoting* Sheriff v. Luqman, 101 Nev. 149, 155, 697 P.2d 107, 111 (1985). In the present case, appellant was convicted of a misdemeanor offense; therefore, appellant may not challenge his conviction by filing a petition for post-conviction relief. Accordingly, we affirm the order of the district court denying appellant's petition for post-conviction relief.[1]

---

[1]The Honorable Robert E. Rose, Justice, did not participate in the decision of this appeal.