*754
 
 OPINION
 

 Per Curiam:
 

 This unusual action was prompted by a vehicular collision caused by the mysterious presence of a slippery substance on a segment of an interstate highway. Appellants, driver Carolyn Kern and passenger Kirk William Aceves (collectively “Kern”), were traveling north on Interstate 15 in Las Vegas when they came upon a 300 to 400 foot patch of “oil” which caused Kern to lose control of her vehicle and sustain personal injuries and property damage. Kern filed this action against respondent Azstar Casualty Company, demanding compensation under her uninsured motorist coverage (“UM”). Kern alleged that her vehicle’s contact with the oil satisfied the “physical contact” requirement of NRS 690B.020(3)(f)(1). Azstar filed a motion to dismiss that was treated as a motion for summary judgment, insisting that the statute requires “physical contact” with the uninsured motorist’s automobile. The district court granted Azstar’s motion. Because the “physical contact” requirement of Kern’s UM coverage was clearly not satisfied, we affirm.
 

 FACTS
 

 This dispute focuses on the construction and application of NRS 690B.020(3)(f)(l).
 
 [1]
 
 The facts as presented to the district court indicate that on December 14, 1990, Kern was involved in an accident while traveling north on Interstate 15 in Clark County. In some unknown way, a slick, oil-like substance had spread over the surface of an entire north-bound lane of the highway for a distance of 300 to 400 feet. As a result of the unexpected presence of this substance, at least six motorists traveling in the affected lane lost control of their vehicles and were involved in collisions. Kern was one of the six.
 

 Kern filed this action alleging that an unknown or hit-and-run motorist negligently spilled or placed oil in the northbound lane, thus causing the collision. Azstar responded with a motion to dismiss, contending as a matter of law that Kern’s cause of action did not satisfy the “physical contact” requirement of NRS
 
 *755
 
 690B.020(3)(f)(l). The district court granted Kern additional discovery time to ascertain the origin of the oil on the roadway. Unfortunately, Kern’s discovery efforts produced only an affidavit by her passenger, Aceves, indicating his belief as to the origin of the oil. Thereafter, treating Azstar’s motion as an NRCP 56 motion for summary judgment, the district court entered judgment against Kern. This appeal followed.
 

 DISCUSSION
 

 Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).
 

 On appeal, this court reviews the facts of record and the law that combined to produce summary judgment, without deference to the findings and conclusions of the district court, thereby according the appellant the safeguard of the equivalent of a review
 
 de novo.
 
 Caughlin Ranch Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 849 P.2d 310 (1993).
 

 As previously indicated, NRS 690B.020 is intended to deal with uninsured or hit-and-run vehicles. It is clear, however, that NRS 690B.020(3)(f)(l) requires
 
 “physical contact
 
 of the [uninsured or hit-and-run]
 
 automobile
 
 with the named insured or the person claiming under him.” (Emphasis added.)
 

 As Azstar emphasizes, most uninsured/hit-and-run statutes indicate that “physical contact” is requisite to a recovery of benefits. Most jurisdictions recognize that the purpose behind the “physical contact” requirement is to prevent fraudulent claims where the insured loses control of his or her car and claims a “phantom driver” forced him or her off the road.
 
 See
 
 Illinois Nat. Ins. Co. v. Palmer, 452 N.E.2d 707, 708 (Ill.Ct.App. 1983).
 

 In the context of an uninsured/hit-and-run “accident,” various scenarios may exist. Although Kern has cited a variety of situations where an insured has recovered uninsured/hit-and-run benefits, the facts of those cases are readily distinguishable from the instant case. In the cases cited by Kern, the “physical contact” requirement was satisfied where a continuous and contemporaneous force was readily identifiable and there was a substantial physical nexus between the intermediate object and the insured’s vehicle.
 
 See, e.g.,
 
 Yutkin v. United States Fidelity and Guar. Co., 497 N.E.2d 471 (Ill.Ct.App. 1986). Here, however, the facts reflect a substance coming to rest on a highway from some
 
 *756
 
 unknown source and as a result of some unknown cause, and remaining inert on the highway for some unknown period of time, however brief, until encountered by various vehicles, including Kern’s.
 

 In instances where accidents have been caused by objects lying in the road, appellate courts have usually countenanced the insurer’s rejection of the claim. 1 Alan I. Widiss,
 
 Uninsured and Underinsured Motorist Insurance,
 
 § 9.6 at 467 (2d ed. 1992). In Barnes v. Nationwide Mut. Ins. Co., 230 Cal.Rptr. 800 (Ct.App. 1986), a motorist collided with a box of dinette chairs which were lying in the roadway. The motorist sustained injuries when she lost control of her vehicle and it plunged into a guard rail. The motorist claimed that because the box was “a link in an otherwise unbroken chain of physical contact between the uninsured vehicle and her own, sufficient physical contact occurred.”
 
 Id.
 
 at 801. The
 
 Barnes
 
 court rejected her argument indicating that, without exception, the California statute requires proof of “physical contact,”
 
 [2]
 
 a condition precedent in every case for recovery of damages caused by an unknown vehicle.
 
 Id.
 
 Accordingly, because no actual physical contact occurred between the motorist and the uninsured’s vehicle, the claim was rejected.
 

 In Blankenbaker v. Great Central Ins. Co., 281 N.E.2d 496 (Ind.Ct.App. 1972), a motorist struck a truck tire and rim assembly that was at rest in the roadway. The court rejected the motorist’s claim to uninsured motorist benefits. The
 
 Blankenba-ker
 
 court explained that “ ‘[i]t is clear to us that where, as here, there is
 
 no contact,
 
 direct or indirect between the ‘hit-and-run’
 
 vehicle
 
 and the vehicle occupied by the insured, there can be no recovery.’”
 
 Id.
 
 at 501 (citations omitted; emphasis in original). Similar outcomes have been reached in the following cases: Yutkin v. United States Fidelity & Guaranty Co., 497 N.E.2d 471, 474 (Ill.Ct.App. 1986) (physical contact requirement not satisfied where motorist hit piece of tire laying in roadway, causing loss of control); Smith v. Great Am. Ins. Co., 272 N.E.2d 528, 528-29 (N.Y. 1971) (physical contact not established where motorist struck snow and ice which had detached from unidentified vehicle).
 

 Recently, New York’s high court defined the parameters of the “physical contact” requirement in Allstate Ins. Co. v. Killakey, 580 N.E.2d 399 (N.Y. 1991). The
 
 Killakey
 
 court clarified its rule as follows: “ ‘physical contact’ occurs within the meaning of the statute, when the accident originates in collision with an unidenti
 
 *757
 
 fied vehicle, or an integral part of an unidentified vehicle.”
 
 Id.
 
 at 401. The court further indicated that where only a part of a vehicle is involved, a claimant must establish that the claim originated in collision and that the “detached part, in an unbroken chain of events caused the accident.”
 
 Id.
 
 The
 
 Killakey
 
 court concluded that the burden was met because five independent witnesses recounted various details to establish the “unbroken chain of events.” However, the
 
 Killakey
 
 opinion indicated that snow and ice from an unidentified vehicle are clearly not integral parts of a vehicle and fall outside of the scope of recovery.
 
 Id.
 

 The South Carolina Supreme Court, in Wynn v. Doe, 180 S.E.2d 95 (S.C. 1971), dealt with circumstances similar to those in the instant case. A motorcyclist sustained personal injuries when she lost control of her motorcycle after she came upon a “very slick and dangerous chemical” substance which had been dumped upon the highway, allegedly by an unknown motorist. The
 
 Wynn
 
 court interpreted the following statute:
 

 If the owner or operator of any motor vehicle which causes bodily injury ... to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision,
 
 unless... (2) The injury . . . was caused by physical contact with the unknown vehicle.
 

 Wynn,
 
 180 S.E.2d at 95-96 (emphasis added). The court denied recovery indicating that “[t]he statute makes proof of physical contact a condition precedent in any case for the recovery of damages caused by an unknown driver and vehicle. There are no exceptions to this rule.”
 
 Id.
 
 at 96. The injured appellant argued that contact with the “slippery substance” constituted indirect contact, but the court held that since physical contact with the unknown vehicle was absent, an adoption of appellant’s view would “defeat the clear and unambiguous legislative intent expressed in the statute.”
 
 Id.
 

 With the above authorities in mind, we conclude that the clear meaning of NRS 690B.020(3)(f)(l) contemplates actual physical contact between the named insured and the uninsured/hit-and-run vehicle. In this instance, no vehicle capable of discharging such a large quantity of the hazardous substance was shown to be within the area of the collision. Indeed, there was a total lack of evidence which would tend to establish a causal connection between some vehicle and the “oil-like substance.” Finally, the slippery substance was not shown to be a part of a hit-and-run automobile, a condition precedent to receiving uninsured motorist benefits, and there were no witnesses who observed the
 
 *758
 
 “dumping” of the slippery substance. In Nevada, the stated purpose of uninsured motorist coverage is to mitigate losses sustained by motorists and other insureds who, without fault, are involved
 
 in a collision with a driver
 
 who is inadequately insured or completely without insurance. Siggelkow v. Phoenix Ins. Co., 109 Nev. 42, 44, 846 P.2d 303, 304 (1993). The policy enunciated above will not be diminished where, as here, no collision between an uninsured/hit-and-run driver or automobile (or an integral part of the automobile) can be established.
 

 Uninsured motorist coverage is a fault-based coverage which obligates insurers to provide indemnification for injuries caused by uninsured motorists. 1 Alan I. Widiss,
 
 Uninsured and Under-insured Motorist Insurance,
 
 § 9.2 at 443 (2d ed. 1992). This being the case, recovery against the UM insurer is unavailable where, as here, fault has not been properly attributed to any entity.
 

 Rules of statutory construction to which this court adheres also require the courts to give effect to legislative intent where, as here, that intent has been unambiguously enacted into the statute under scrutiny. Ferreira v. City of Las Vegas, 106 Nev. 386, 387, 793 P.2d 1328, 1328 (1990).
 

 We conclude that the language of NRS 690B.020(3)(f)(l) clearly requires “physical contact” as a prerequisite for recovery under an insured’s UM coverage. Unfortunately, the physical contact requirement was not met in Kern’s case.
 

 For the reasons discussed above, the summary judgment entered by the district court is affirmed.
 

 [1]
 

 NRS 690B.020(3)(f)(l) provides:
 

 For the purposes of this section the term “uninsured motor vehicle” means a motor vehicle:
 

 (f) The owner or operator of which is unknown or after reasonable diligence cannot be found if:
 

 (1) The bodily injury or death has resulted from physical contact of the automobile with the named insured or the person claiming under him or with an automobile which the named insured or such a person is occupying!.]
 

 [2]
 

 “Physical contact” was defined by the
 
 Barnes
 
 court as “a direct application of force.”
 
 Barnes,
 
 230 Cal.Rptr. at 801.