**AMERICAN STATES INSURANCE COMPANY, Appellant and Cross–Appellee,**

**v.**

**RUBIN et al., Appellees and Cross–Appellants; Buckeye Union Insurance Company, Appellant and Cross–Appellee.**

[Cite as *Am. States Ins. Co. v. Rubin* (1993), 98 Ohio App.3d 818.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920511, C–920512, C–920513 and C–920521.

Decided Nov. 17, 1993.

*McIntosh, McIntosh & Knabe* and *Bruce B. McIntosh,* for appellant and cross-appellee American States Insurance Company.

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* and *D. Arthur Rabourn,* for appellees and cross-appellants Mrs. Howard Rubin and the Estate of Howard Rubin.

*Bloom & Greene Co., L.P.A.,* and *Stephen K. Shaw,* for appellee and cross-appellant United States Fidelity & Guaranty Company.

*Kenneth B. Flacks,* for appellant and cross-appellee Buckeye Union Insurance Company.

---

*Per Curiam.*

On March 20, 1988, plaintiff-appellant and cross-appellee, American States Insurance Company ("American"), filed a complaint for declaratory judgment against defendants-appellees and cross-appellants, Mrs. Howard Rubin, the estate of Howard Rubin ("Rubin") and United States Fidelity and Guaranty Company ("U.S.F. & G."), and defendant-appellant and cross-appellee, Buckeye Union Insurance Company ("Buckeye"). American requested that the court determine whether uninsured motorists coverage was available to Rubin following an accident occurring on August 16, 1988, and, of the three insurance companies involved, whose coverage would be primary and whose would be secondary. Answers and cross-claims were filed. All parties filed motions for summary judgment.

On June 24, 1991, the trial court granted Rubin's motion for summary judgment on the applicability of the uninsured motorist provisions, and the motions of American, U.S.F. & G. and Buckeye as to the same issue were denied. The court deferred a ruling with regard to coverage provided by U.S.F. & G. until a hearing could be held. On June 1, 1992, the trial court ruled that the Rubin vehicle was not covered by the uninsured motorist provisions of the U.S.F. & G. policy, based upon its finding that there was an oral rejection of uninsured motorists coverage at the time the policy was purchased, and ordered U.S.F. & G. dismissed. The court further determined that coverage by Buckeye was primary and that American provided excess coverage for any claims of Rubin.

The facts of this case were stipulated by the parties. On August 16, 1988, the decedent, Howard Rubin, was driving north on Interstate 71 following his wife's car. The car he was driving was leased to his employer, Heidelberg Distributing Company, from Jake Sweeney Auto Leasing. While on Interstate 71, decedent's automobile struck metal racks lying in the roadway and, as a result, decedent suffered injuries leading to his death. Mrs. Rubin testified that she observed a pickup truck at the accident scene, but the driver of the truck was never identified.

All parties filed appeals in this matter. In case No. C–920511, Rubin appeals the trial court's granting of summary judgment to U.S.F. & G. as to its determination that U.S.F. & G. does not have to provide uninsured motorist coverage to Rubin. In case No. C–920512, American appeals both the granting of summary judgment to U.S.F. & G. and the determination that the debris in the roadway constituted a "hit and run" vehicle within the meaning of the applicable

policies of insurance. Buckeye's appeal in case No. C–920513 is from the granting of summary judgment to U.S.F. & G. and from the trial court's determination of priority of coverage. In case No. C–920521, U.S.F. & G. appeals the trial court's determination that the debris constituted a "hit and run" vehicle and the denial of its motion for summary judgment on that issue.

The primary issue in this case is whether the debris lying on the highway which the decedent struck while driving his automobile constitutes a "hit and run" vehicle for the purpose of providing uninsured motorist coverage to decedent's wife and estate. The trial court determined that this accident was covered by the various uninsured motorist provisions in this case, that it resulted from physical contact with an identified vehicle,[1] and that it constituted a "hit and run" accident as provided for and defined in each insurance company's policy.

In *Yurista v. Nationwide Mut. Ins. Co.* (1985), 18 Ohio St.3d 326, 18 OBR 370, 481 N.E.2d 584, syllabus, the Ohio Supreme Court reviewed two cases involving incidents between unidentified vehicles and an insured and held that when the definition of an uninsured motor vehicle in an uninsured motorist provision of an automobile liability insurance policy includes a "hit and run" vehicle which causes bodily harm to an insured by physical contact with such person or a vehicle he is occupying, such physical contact must occur for the "hit and run" inclusion to apply. *Yurista* involved an insured who was injured when the motorcycle he was driving struck a railroad tie lying in the road. Although there were no witnesses to the accident, a police officer's affidavit stated that the tie had been dragged from a corner property into the street by a driver who had made an unduly sharp right-hand turn. The court reasoned that the policy involved did not provide coverage in the absence of at least a minimal contact between the vehicle identified by the officer and the insured or his vehicle.

In the companion case of *Basford v. State Auto. Mut. Ins. Co.*, the *Yurista* court concluded that there was no minimal contact between the insured and an unidentified automobile whose occupant threw a bottle through his open window, as their cars passed each other on the road, causing injury to the insured.

Our review of the record reveals that all three insurance policies contained language requiring that the unidentified vehicle hit the insured. In the case *sub judice*, the evidence fails to demonstrate that there was any physical contact between an unidentified vehicle and decedent or his automobile. There was no testimony that the racks fell from a moving truck in front of decedent's

---

1. Although the trial court referred to "an identified vehicle," because of the evidence presented, including Mrs. Rubin's testimony that she saw a man near a truck repositioning racks similar to those lying in the road which caused decedent's death, later in the judgment entry, the trial court stated that the "truck later disappeared and the driver and whereabouts are currently unknown."

automobile such that they were put into motion and were still in motion when decedent struck them. See *Greer v. Cincinnati Ins. Co.* (June 28, 1988), Franklin App. No. 87AP–1232, unreported, 1988 WL 70507. Instead, according to the stipulated facts, the racks were just lying in the roadway. There is no way of knowing how long they had been there before decedent struck them. Accordingly, based on the standard established in *Yurista*, we hold that there was no physical contact between an unidentified vehicle and decedent or his automobile such that the accident could be deemed a "hit and run" accident for the purpose of providing uninsured motorist coverage.

Consequently, we hold that Rubin's assignment of error, challenging the trial court's conclusion that U.S.F. & G. does not have to provide uninsured motorist coverage, is not well taken. Based upon the discussion above, we conclude that U.S.F. & G. is not required to provide uninsured motorist coverage, but not for the reasons set forth in Rubin's appeal. The judgment entered by the trial court in favor of U.S.F. & G. is accordingly affirmed in case No. C–920511.

In the appeals of American and Buckeye, we hold that each of their first assignments of error, challenging the trial court's determination that the stationary shelves constituted a "hit and run" vehicle for the purpose of providing uninsured motorist coverage, is well taken. Each of their second assignments of error, challenging the conclusion that U.S.F. & G. need not provide uninsured motorist coverage is not well taken but for different reasons than those expressed by the parties. In case Nos. C–920512 and C–930513, we accordingly affirm the judgment entered in favor of U.S.F. & G., but reverse the trial court's declaration of rights under the uninsured motorist provisions of the policies in question. Case Nos. C–920512 and C–920513 are remanded to the trial court for the entry of an appropriate declaration in accordance with the terms of this decision.

Finally, in the appeal of U.S.F. & G., case No. C–920521, which challenges only the trial court's conclusion that the debris in the road constituted a "hit and run" vehicle, we reverse the trial court's declaration of rights and remand the case for the entry of an appropriate declaration in accordance with the terms of this decision.

*Judgment accordingly.*

KLUSMEIER, P.J., DOAN and GORMAN, JJ., concur.