Clifford J. BAUER and Betty B. Bauer

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY
and John Doe.

No. Civ.A. 99–CV–0137.

United States District Court,
E.D. Louisiana.

Sept. 8, 1999.

William M. Detweiler, Detweiler & Detweiler, Attorneys at Law, New Orleans, LA, for plaintiffs.

Thomas Michael Masterson, Jazmine A. Duarte, Masterson, Arostegui & Wartelle, New Orleans, LA, for defendants.

### ORDER AND REASONS

LEMMON, District Judge.

For the following reasons **IT IS ORDERED** that the Motion for Summary Judgment of Government Employees Insurance Company (Document 12) is **GRANTED.**

### Background

In this motion for summary judgment, the following facts are uncontested. Plaintiff, a Mississippi resident, driving alone on Interstate Highway 10 in St. Tammany Parish, Louisiana, was involved in a one-car accident when he struck some debris in the roadway. Plaintiff's car is garaged in Mississippi, and plaintiff's automobile insurance policy was issued for delivery in Mississippi by Government Employees' Insurance Co. ("GEICO"), which is domiciled in the District of Columbia.

Plaintiff has sued GEICO, his uninsured motorist ("UM") insurer, claiming coverage for his injuries. GEICO denies coverage, and has moved for summary judgment. Plaintiff has also sued Louisiana through its Department of Transportation and Development ("DOTD") alleging that it failed adequately to clear the roadway after the earlier accident.

### Discussion

*Summary Judgment*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v.*

*Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit, and an issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

If the moving party meets its initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc* ). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir.1991).

*Choice of Substantive Law*

■ In this diversity action, the court applies state substantive law to determine the issue before it. *Hulin v. Fibreboard Corp.,* 178 F.3d 316, 318 (5th Cir.1999) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). In the present case, the court must choose between applying Mississippi law or Louisiana law.

GEICO urges that Mississippi law applies. Under Mississippi law, the policy, in accordance with Mississippi's UM statute, would provide UM coverage only if there is "physical contact" between plaintiff's insured vehicle and an unidentified vehicle.[1]

Plaintiff seeks application of Louisiana's UM statute, which does not require physical contact, provided that a plaintiff proves "by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured." La.Rev.Stat.Ann. § 1406(D)(1)(f) (creating what is sometimes referred to as a "corroboration exception" to the physical contact requirement).[2]

■ In order to determine which state's substantive law to apply, the court applies the choice of law rules of the forum state, Louisiana. *Maryland Cas. Co. v. Integrity Ins. Co.,* 693 F.2d 506, 508 (5th Cir.1982). Insurance coverage is a matter of contractual law. *Prytania Park Hotel v. General Star Indem. Co.,* 179 F.3d 169 (5th Cir.1999); *Ducote v. Koch Pipeline Co.,* 730 So.2d 432 (La.1999). Under La. Civ.Code art. 3537, contractual obligations are

governed by the law of the state whose policies would be most impaired if its

---

1. Mississippi's UM statute provides:
   "The term 'uninsured motor vehicle' shall mean:
   \*\*\*
   (v) A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured in unknown, *actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.*" Miss.Code Ann. § 83–11–103(c)(v) (1998) (emphasis added).

2. Louisiana's UM statute provides:
   The coverage provided under this Subsection shall not provide protection for ... (i) Damage where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle, unless the injured party can show, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.
   La.Rev.Stat. § 22:1406(D)(1)(d)(i).

law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of ... the pertinent contacts of each state to the parties and the transaction, *including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties....*

La.Civ.Code art. 3537 (emphasis added).

■ Under Article 3537, the place of contract formation and the domiciles of the contracting parties, although not absolutely determinative, indicate that Mississippi would be most adversely affected by the failure to apply its law in the present case. Louisiana's interest is in protecting its citizens with mandatory UM coverage. La. Rev.Stat. § 22:1406. In the present case, no Louisiana resident is affected by the UM coverage issue. The links between this claim and Louisiana are the location of the alleged accident, and the fact that Louisiana's DOTD has been sued for allegedly failing to clean up the highway, neither of which is relevant to the insurance contract.

On the other hand, the links to Mississippi are significant. Plaintiff is a Mississippi resident, and the insurance policy was issued for delivery in Mississippi to cover a car garaged in Mississippi. Mississippi has an obvious interest in regulating the insurance business within Mississippi, *see* 15 U.S.C. § 1011 (McCarran–Ferguson Act); *Holcomb v. Universal Ins. Co.*, 640 So.2d 718, 722 (La.Ct.App.1994), as well as in interpreting and enforcing contractual obligations among its citizens.[3]

■ Moreover, Louisiana's UM statute applies only to "liability insurance covering any accident which occurs in this state *and involves a resident of this state.*" La.Rev. Stat. § 22:1406(d)(1)(a)(iii) (emphasis added). In the present case, the accident occurred in Louisiana but did not involve a Louisiana resident; thus, Louisiana's UM statute by its own terms does not apply. *Holcomb,* 640 So.2d at 722. *Cf. also Snider v. Murray,* 461 So.2d 1051 (La.1985) (limiting application of prior version of La. Rev.Stat. § 22:1406 based on plain statutory language). Under Louisiana's choice of law rules as well as La.Rev.Stat. § 22:1406, Mississippi law applies.

*Applying Mississippi Law*

■ Mississippi's highest court is the best authority on its own law. *See Hulin,* 178 F.3d at 319. However, the Supreme Court of Mississippi has not addressed the precise issue of UM coverage where an insured vehicle strikes debris lying in the roadway. In such a case, this court must make an *"Erie* guess" as to how Mississippi's highest court would rule. *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 749–50 (5th Cir.1995). It is not for this court to change Mississippi law, or "to adopt innovative theories" of Mississippi law, or to make value judgments on what this court thinks Mississippi law ought to be. *Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.1986). It is not this court's role to create or modify Mississippi law, but only to predict it. *Batts,* 66 F.3d at 750.

■ In predicting what the Supreme Court of Mississippi would do, this court

**3.** *Cf. Maryland Cas. Co.,* 693 F.2d at 508 (finding that Tennessee law governed insurance contracts confected in Tennessee insuring Tennessee residents for wreck in Mississippi); *Plyman v. Strain,* 702 So.2d 1204 (La.Ct.App. 1997) (applying Georgia law pursuant to La. Civ.Code art. 3537 in suit involving Louisiana accident and policy issued to Georgia resident); *Holcomb v. Universal Ins. Co.,* 640 So.2d 718 (La.Ct.App.1994) (applying Arkansas law where Arkansas residents sued Arkan-

sas insurer of another Arkansas resident over an accident in Louisiana); *Levy v. Jackson,* 612 So.2d 894, 896–97 (La.Ct.App.1993) (applying Alabama law pursuant to La.Civ.Code art. 3537 in suit between Alabama residents over accident occurring in Louisiana); *Touchet v. Guidry,* 550 So.2d 308 (La.Ct.App. 1989) (applying Texas law in suit by Texas insured against Texas insurer over accident involving Texas-registered vehicle.)

considers a variety of sources, including guidance offered by Mississippi's highest court and the rules in other states. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir.1999). *See also, Shanks v. Alliedsignal, Inc.*, 169 F.3d 988, 993 (5th Cir.1999). Absent evidence to the contrary, this court may also "presume that the Mississippi courts would adopt the prevailing rule if called upon to do so." *Jackson*, 781 F.2d at 398.

### The "Physical Contact" Requirement

Although it has not precisely addressed the situation of an insured vehicle striking debris left in the roadway, the Supreme Court of Mississippi in *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So.2d 369, 372 (Miss.1987), has provided guidance as to the rule it would apply.

In *Brewer*, the Supreme Court of Mississippi noted that the "physical contact" requirement is intended "to prevent fraudulent claims, ostensibly by providing objective evidence that a vanishing motorist had in fact been involved in the accident". *Brewer*, 507 So.2d at 372 (quoting *Clark v. Regent Ins. Co.*, 270 N.W.2d 26 (S.D.1978)). The court opined that "physical contact" may include indirect physical contact by the unidentified vehicle "with an intermediate vehicle or other object which, in the same mechanism of the accident, strikes the insured's vehicle. . . ." *Id.* at 372 (quoting *Springer v. GEICO*, 311 So.2d 36, 39–40 (La.Ct.App.1975)). But while permitting indirect contact with the unidentified vehicle to satisfy the physical contact requirement, the court nonetheless required that "the injury causing impact must have a complete, proximate, direct and timely relationship with the first impact. . . . In effect, the impact must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." *Id.* (quoting *Springer*, 311 So.2d at 39–40).[4] *Cf. Aetna Cas. & Sur. Co. v. Head*, 240 So.2d 280 (Miss.1970) (finding no "physical contact" where bottle thrown from unidentified passing vehicle struck insured vehicle). The purpose of the "proximate, direct and timely relationship" requirement, like the physical contact requirement, is to reduce the likelihood of fraudulent claims. *See Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 169–70 (7th Cir.1992); *Yutkin v. United States Fidelity & Guaranty Co.*, 146 Ill.App.3d 953, 100 Ill.Dec. 493, 497 N.E.2d 471 (1986).

The Supreme Court of Mississippi has subsequently refused to lessen the physical contact requirement. In *Anderson v. State Farm Mut. Auto. Ins. Co.*, 555 So.2d 733 (Miss.1990), the insured lost control of his vehicle when an unidentified motorist swerved in front of him. The court denied UM coverage, even though witnesses to the accident testified to the role played by the unidentified vehicle. *See also Autry v. Nationwide Gen'l Ins. Co.*, 948 F.Supp. 615 (S.D.Miss.1996) (citing *Anderson* and finding no UM coverage for bicyclist hurt when avoiding car driven by unidentified driver). While these cases do not involve an insured vehicle striking debris in the roadway, they demonstrate Mississippi's adherence to the "physical contact" requirement, as well as the rejection of a corroboration exception where witnesses testify to the role played by the uninsured vehicle.

In other jurisdictions with a physical contact requirement similar to Mississippi's, the majority position is against UM coverage when an insured strikes an object left lying in the roadway by an unknown vehicle.[5] In *Yutkin*, plaintiff's vehicle

---

4. *Springer*, the Louisiana case quoted in *Brewer*, was decided before La.Rev.Stat. § 22:1406 was amended in 1990 and 1991 to provide a corroboration exception to the physical impact requirement.

5. *E.g., American States Ins. Co. v. Rubin*, 98 Ohio App.3d 818, 649 N.E.2d 1234 (1993) (no physical contact where insured struck metal racks lying in road); *Barnes v. Nationwide Mut. Ins. Co.*, 186 Cal.App.3d 541, 230 Cal. Rptr. 800 (1986) (chairs in roadway); *Blank-*

struck what appeared to be a tire fragment lying on the roadway. *Yutkin,* 100 Ill.Dec. 493, 497 N.E.2d at 472. The *Yutkin* court applied the principle that there must be "a direct causal connection between the hit-and-run vehicle and the insured's vehicle, which connection carried over to the insured's vehicle by means of a continuous and contemporaneously transmitted force." *Id.* at 473. The court found no physical contact because there was "no direct causal connection between any vehicle and plaintiff's vehicle." *Id.* at 473. The court reasoned that requiring a substantial nexus of causation between an alleged hit-and-run vehicle and the insured vehicle would provide better evidence of the existence of the hit-and-run vehicle, as well as evidence that the unidentified driver was negligent. *Id.* at 473.

In *State Farm Mut. Auto. Ins. Co. v. Norman,* 191 W.Va. 498, 446 S.E.2d 720 (1994), the Supreme Court of West Virginia found no UM coverage where the dece-

dent's vehicle struck a truck tire lying in the roadway. After discussing the two Mississippi cases, *Brewer* and *Anderson,* and cases denying UM coverage when the insured struck an object in the road, the *Norman* court concluded: "In order to satisfy the 'physical contact' requirement . . . it is necessary to establish a close and substantial physical nexus between an unidentified hit-and-run vehicle and the insured vehicle. The 'physical contact' requirement is not satisfied simply by asking a court to assume that, but for the negligence of an unknown and unseen driver, the tire or other object would never have been deposited on the highway." *Id.* at 729.[6]

■ In summary, this court concludes that Mississippi law does not allow recovery under a UM policy for contact with debris in the roadway unless there is a "complete, proximate, direct and timely relationship" between an unidentified vehicle

---

enbaker v. Great Cent. Ins. Co., 151 Ind.App. 693, 281 N.E.2d 496 (1972) (tire and rim assembly); *Wynn v. Doe,* 255 S.C. 509, 180 S.E.2d 95 (1971) (chemical substance); *Kern v. Nevada Ins. Guar. Ass'n,* 109 Nev. 752, 856 P.2d 1390 (1993) (oily substance). *See also State Farm Fire & Cas. Co. v. Guest,* 203 Ga.App. 711, 417 S.E.2d 419 (1992) (no "physical contact" where motorist struck tire assembly, but summary judgment denied on basis of "corroboration exception" not available under Mississippi law).

**6.** By contrast, in *Adams v. Mr. Zajac,* 110 Mich.App. 522, 313 N.W.2d 347 (1981), "physical contact" was found where the insured vehicle struck a large truck tire and wheel assembly on the highway. The *Adams* court reasoned that it should make no difference whether the insured vehicle struck a stationary object left by an uninsured vehicle, or whether a projectile propelled by an uninsured vehicle flew into the insured vehicle. *Id.* at 349. The court conceded that the situation of a vehicle striking a stationary object could present problems of proof. *Id.* However, the court held that inferential evidence could provide a sufficient link between an uninsured vehicle and the injury. *Id.* The *Adams* court found no Michigan rule "requiring a continuous and contemporaneously

transmitted force from the hit-and-run vehicle." *Id.* at 349. *Contra, Kersten v. Detroit Auto. Inter–Insurance Exchange,* 82 Mich.App. 459, 267 N.W.2d 425 (1978). In addition, two eyewitnesses testified to seeing a tractor-trailer rig parked on the shoulder near the scene of the fatal accident and then pulling away from the scene at the time of the accident. *Id.* at 348.

The reasoning of the *Adams* court has some merit regarding the somewhat arbitrary distinction between a vehicle striking a stationary object and a vehicle being struck by a projectile. *Cf. Milam v. State Farm Mut. Auto. Ins. Co.,* 972 F.2d 166, 169–70 (7th Cir.1992). However, *Adams* is distinguishable from the present case in two significant respects. First, Mississippi law, unlike the Michigan law applied in *Adams,* plainly requires a continuous and contemporaneously transmitted force connecting an uninsured or unidentified vehicle with the injury to an insured motorist. Also, the *Adams* holding was based in part on eyewitness corroboration the presence and involvement of the "hit-and-run" tractor-trailer rig, and neither Mississippi law nor the insurance policy provide for a corroboration exception in the present case. *See Anderson v. State Farm Mut. Auto. Ins. Co.,* 555 So.2d 733 (Miss.1990). *Cf.* La.Rev. Stat.Ann. § 22:1406(D)(1)(d)(i).

and the injury to the insured.[7]

*Summary Judgment in the Present Case*

█ At trial, plaintiff would have the burden of proving indirect contact with an uninsured or unidentified vehicle combined with a substantial temporal and consequential nexus between plaintiff's injury and the fault of the unidentified vehicle. Accordingly, because there is no evidence before the court of a substantial nexus between the "contact" of the original accident and the "contact" with plaintiff's vehicle, plaintiff has the burden of showing that there is a triable factual dispute as to this issue in order to defeat summary judgment. *See Saunders,* 942 F.2d at 301; and *Little,* 37 F.3d at 1075.

Plaintiff fails to address his burden under Mississippi law and merely asserts that through discovery he is likely to be able to identify an independent and disinterested witness who can show that an uninsured or unidentified vehicle caused plaintiff's accident, as required by La.R.S. § 22:1406. Plaintiff fails to assert either in his original complaint or his amended complaint, which was filed after GEICO's motion for summary judgment, that there was a "complete, proximate, direct and timely relationship [or] an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence" between the fault of an alleged unknown or unidentified vehicle and plaintiff's injuries. A *fortiori,* plaintiff fails to submit the evidence required by Rule 56(e) sufficient to defeat summary judgment.

*Conclusion*

The court concludes that GEICO has sufficiently shown that evidence is lacking of a substantial nexus of causation between the actions of an unknown or unidentified vehicle and plaintiff's injury, and plaintiff has failed to show the existence of any genuinely contested issues of fact that would be material to recovery under his UM policy under Mississippi law. Accordingly, defendant GEICO's Motion for Summary Judgment is **GRANTED.**

---

7. This court does not reach the issue of whether recovery might also be allowed where the debris was of such substance and character that striking it could be considered direct contact with an uninsured or unidentified "vehicle." It is not established whether the debris plaintiff struck consisted of parts of vehicles or objects that may have fallen from vehicles near the site of a multi-car accident, though plaintiff has alleged these facts in his amending complaint as it relates to his claims against the DOTD. In addition, the time of the previous multi-car accident, if any, has not been established or alleged. In the complete absence of evidence as to the nature or origin of the debris plaintiff struck in the present case, the court declines to speculate on what type of debris might constitute a "vehicle". *Cf. Adams,* 313 N.W.2d at 349 (holding that "physical contact" takes place when "integral part" of vehicle comes into physical contact with another vehicle). *Cf. also State Farm Fire & Cas. Co. v. Guest,* 203 Ga.App. 711, 417 S.E.2d 419 (1992) (holding that contact with a tire assembly is not contact with a "vehicle" under Georgia law). *See generally Milam,* 972 F.2d at 168–70 (characterizing as " 'indirect' physical contact" the situation where "the agency of harm is not the unidentified vehicle itself but a jettisoned part of the vehicle or its load" and observing that UM coverage generally is not provided where a vehicle strikes a stationary object).