22340

Nancy DAVIS, Appellant, v. John DOE, Respondent.

(331 S. E. (2d) 352)

Supreme Court

*D. W. Green, Jr.*, of *Green, Sasser & Beverly*, Conway, *for appellant.*

*Albert E. Wheless*, of *Wheless & McInnis*, North Myrtle Beach and *David J. Canty*, Myrtle Beach, *for respondent.*

Heard May 20, 1985.

Decided June 10, 1985.

HARWELL, Justice:

The issue in this appeal is whether contact with an unattached portion of an unknown vehicle meets the physical contact requirement of S. C. Code Ann. § 56-9-850 (1976). The lower court held that it did not and therefore granted the respondent's motion for summary judgment. We affirm.

Appellant passenger was riding in a car with her sister-in-law when a wheel bearing broke through the front windshield and hit her in the chest. The accident occurred just as her vehicle was passing an oncoming log truck. After an unsuccessful attempt to identify the truck or its driver, appellant reported the accident to the South Carolina Highway Patrol. The appellant subsequently brought an action pursuant to S. C. Code Ann. § 56-9-830 (1976), the uninsured motorist provisions of the Financial Responsibility Act. The sole issue is whether physical contact with only an unattached portion of the unknown vehicle meets the condition precedent of physical contact with the unknown vehicle as required by S. C. Code Ann. § 56-9-850 (1976).

There are several cases which interpret the physical contact requirement of S. C. Code Ann. § 56-9-850 (1976). When an unknown vehicle causes an intervening vehicle to collide with the insured's vehicle, physical contact is present because the statute requires causal and not direct physical contact with the unknown vehicle. *Spaulding v. State Farm Mutual Insurance Company*, 262 S. C. 95, 202 S. E. (2d) 653 (1974). However, physical contact with the unknown vehicle is not present when there is a collison between the insured's vehicle and the vehicle with which the unknown motorist was racing. *Coker v. Nationwide Insurance Company*, 251 S. C. 175, 161 S. E. (2d) 175 (1968). Also, there is no physical contact as required by the statute where the unknown vehicle causes another vehicle to swerve and collide with the insured. *Sapp v. State Farm Automobile Ins. Co.*, 272 S. C. 301, 251 S. E. (2d) 745 (1979). Likewise, physical contact is not present when a motorcycle comes in contact with a slick chemical substance allegedly spilled on the highway by an unknown motor vehicle. *Wynn v. Doe*, 255 S. C. 509, 180 S. E. (2d) 95 (1971).

In the case at bar, it is possible that a jury might find that the wheel bearing which struck the appellant came from the log truck and was an integral part of

it. However, as this court stated in *Wynn v. Doe*, 255 S. C. at 512, 180 S. E. (2d) at 96, "Nowhere does the statute state or imply that the physical contact requirement may be met by proof that there was in fact an unknown driver and vehicle nor by proof that the unknown vehicle caused the accident." Similarly, the statute does not state or imply that recovery may be allowed for damages caused by contact with an unattached part of the unknown vehicle. The statutory definition of "motor vehicle" refers to the vehicle as a whole and not to parts or portions thereof. S. C. Code Ann. § 56-9-20(6) (1976).

"Where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, as here, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning." *Wynn v. Doe*, 255 S. C. at 512, 180 S. E. (2d) at 96; *Harling v. Board of Commissioners*, 205 S. C. 319, 31 S. E. (2d) 913 (1944). "If it is advisable that the statute be changed, the solution lies within the province of the Legislature. We have no right to legislate the provision from the statute or to modify its applicaton under the guise of judicial interpretation." *Coker v. Nationwide Insurance Company*, 251 S. C. at 182, 161 S. E. (2d) at 178 (1968).

The requirement of physical contact with the unknown vehicle, and not just with an unattached part thereof, is a viable manner of preventing fraudulent, fictitious claims. The desire to prevent fraudulent claims has caused the majority of jurisdictions that have considered this issue to determine that a claim generally cannot be based upon contact with something which has fallen or become detached from an unidentified vehicle. *See* 7 Am. Jur. (2d) *Automobile Insurance* § 302 (1980).

The judgment below is, accordingly, affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.