855 So.2d 419 (2003)
Ruby BROOKS and Scott Ernest Cleveland
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2003-CA-0389.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 2003.
Rehearing Denied October 15, 2003.
*420 Robert G. Harvey, Sr., Maria Del Carmen Calvo Broce, Law Offices of Robert G. Harvey, Sr., New Orleans, LA, for PLaintiffs/Appellants, Ruby Brooke and Ernest Cleveland.
William Ryan Acomb, Chauntis T. Jenkins, Porteous, Hainkel & Johnson, New Orleans, LA, for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
*421 (Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
In this case the trial court granted a motion for summary judgment filed by the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). The plaintiffs, Ruby Brooks and Earnest Cleveland Scott[1], are appealing the trial court's decision granting that motion and dismissing their case.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
While Ms. Brooks was driving her car in the middle of the night on the interstate highway with her passenger, Mr. Scott, sleeping in the front seat, an object suddenly struck the car's windshield. The windshield shattered, glass was thrown into the car, and Ms. Brooks lost control of the car, because she could not see the highway. Both Ms. Brooks and Mr. Scott were badly jostled while Ms. Brooks was trying to regain control of her car.
Mr. Scott, who had been sleeping in the car, was awakened when the foreign object hit the windshield. After Ms. Brooks was able to stop her car on the shoulder of the highway, Mr. Scott exited the car in an attempt to determine what had hit the car. There were black marks across the top of the car, and when Mr. Scott followed the path of those marks, he found, lying on the side of the road behind the car, what appeared to him to be a portion of a tire from an eighteen-wheeler truck.
After Mr. Scott discovered what he thought was a piece of a truck tire, he returned to the car. Ms. Brooks then drove her car back onto the highway but stopped shortly after she returned to the interstate. Mr. Scott then tried to drive the car, but he had to exit the interstate at the next exit. He testified at his deposition that "glass and stuff from that windshield was coming down so bad" that he stopped and tried to remove the glass from the car. A policeman arrived on the scene and advised Mr. Scott that he could not drive the car in its condition. The policeman called a state trooper so that a telephone report of the incident could be made. He also called a tow truck to remove the car from the roadway.
Ms. Brooks did not notice anything unusual as she traveled down the interstate just prior to her car being hit by the foreign object, but she did see an eighteen wheeler truck traveling on the other side of the interstate immediately before she saw the foreign object fall onto her windshield. After the windshield was hit, Mr. Scott saw several eighteen-wheeler trucks traveling in the opposite direction from the direction in which Ms. Brooks' car had been traveling. He said that the trucks were about two or three car lengths from Ms. Brooks' car.
Both Ms. Brooks and Mr. Scott suffered injuries as a result of the foreign object hitting the car's windshield. Therefore, they filed this suit under the uninsured motorist provisions of an insurance policy issued to Ms. Brooks by State Farm.
State Farm filed a motion for summary judgment claiming that the plaintiffs could not recover under the insurance policy, because they could not satisfy their burden of proof. State Farm alleged that because there was no independent witness to the incident that occurred, the plaintiffs had to *422 prove that there was physical contact between Ms. Brooks' car and another vehicle that occurred as a result of an unbroken chain of events. The trial court agreed with State Farm and granted the motion for summary judgment on the grounds that the plaintiffs could not satisfy their burden of proof at trial. The plaintiffs are now appealing the trial court's decision.

STANDARD OF REVIEW AND APPLICABLE LAW

Standard of Review
In Independent Fire Insurance. Co. v. Sunbeam Corp., 99-2181 and 99-2257 (La.2/29/00), 755 So.2d 226, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
Id. at p. 7 and at 230-31. See also, e.g., Austin v. Abney Mills, Inc., XXXX-XXXX (La.9/04/02), 824 So.2d 1137; Randall v. Chalmette Medical Center, Inc., XXXX-XXXX (La.App. 4 Cir. 5/22/02), 819 So.2d 1129.

Applicable Law
Louisiana's uninsured motorist law is contained in La. R.S. 22:1406(D). That statute provides in relevant part that "[n]o automobile liability insurance ... shall be delivered or issued for delivery in this state ... unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles...." La. R.S. 22:1406(D)(1)(a)(i).
La. R.S. 22:1406(D)(1)(d)(i), however, provides that uninsured motorist coverage shall not provide protection for the following:
Damage where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle, unless the injured party can show, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured.

(Emphasis added). This is the exclusion from uninsured motorist coverage upon which State Farm has denied coverage in this case.

DISCUSSION

Insurance Policy Provisions
The automobile insurance policy issued to Ms. Brooks by State Farm includes uninsured motor vehicle coverage. The policy defines an uninsured motor vehicle to include the following:

*423 2. a "hit and run" land motor vehicle whose owner or driver remains unknown and which strikes:
a. the insured; or
b. the vehicle the insured is occupying and causes bodily injury to the insured;
3. an automobile
a. the driver of which remains unknown;
b. that causes bodily injury to the insured; and
c. that strikes neither the insured nor the vehicle the insured is occupying.
The insured must prove, by an independent and disinterested witness, that the actions of such unknown driver was the cause of the bodily injury.
(Emphasis in original).
The policy's provisions arguably do not comport with the statutory provisions on uninsured motorist coverage. In all cases where there is no actual physical contact between the vehicle of the insured and the vehicle of a hit-and-run driver, both the policy and the statutory provisions require an independent and disinterested witness to provide proof that damage resulted from the vehicle whose driver is unknown. The policy, however, also seems to require that there be an independent and disinterested witness at any time there is an accident involving an insured's vehicle and a vehicle of a hit-and-run whether or not there is physical contact between the vehicles.
It is well established in Louisiana jurisprudence that where a conflict exists between the uninsured motorist provisions in an insurance policy and the statutory provisions on uninsured motorist coverage, the statutory provisions will be read into the policy if the policy limits the coverage required by statute. In Breaux v. Government Employees Insurance Co., 369 So.2d 1335 (La.1979), the Louisiana Supreme Court expressed this rule as follows:
However, it is well settled that our uninsured motorist statute embodies public policy and, thus, any clause in a policy in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute.
369 So.2d at 1338-39.
Insofar as the policy's provisions in the instant case require proof by an independent and disinterested witness in situations involving physical contract between the insured's vehicle and a hit-and-run vehicle, they conflict with the uninsured motorist statute and must be read out of the policy. The statute requires such proof only in situations that do not involve physical contact.

Proof Requirements
There is no independent witness to the incident involving Ms. Brooks' car. Therefore, to defeat State Farm's motion for summary judgment, the plaintiffs must show that there is a genuine issue of material fact as to whether Ms. Brooks' car had physical contact with a vehicle that caused bodily injury to her and her passenger.
In Brock v. Aetna Casualty & Surety Co., 580 So.2d 474 (La.App. 4th Cir.1991), this Court discussed the concept of a "chain of events" being required to show that the physical contact requirement is met in an uninsured motorist claim where there is not a direct impact between the insured's vehicle and an uninsured vehicle. This Court stated:
In order to recover under an uninsured motorist insurance policy for damages allegedly caused by a hit and run motorist, a plaintiff must prove that there was physical contact between the *424 hit and run vehicle and the vehicle of the insured or between a hit and run driver and an intermediate vehicle which began a sequence or chain of events eventually resulting in a collision involving the insured vehicle and an intermediate vehicle.
580 So.2d at 476. See also Ray v. DeMaggio, 313 So.2d 251 (La.App. 4th Cir.1975), where this Court stated that "the impact (to the claimant) must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." 313 So.2d at 253 (quoting Springer v. Government Employees Insurance Co., 311 So.2d 36 (La. App. 4th Cir.1975).

Physical Contact
In the instant case there were black marks on the top of Ms. Brooks' car. We find that the existence of these marks creates a genuine issue of material fact regarding how these marks were made and what made them. The plaintiffs claim that a piece of a tire from an eighteen wheeler truck fell on the windshield of Ms. Brooks' car and left the marks. The plaintiffs have the right to have a trier of fact determine whether the marks on the top of Ms. Brooks' car were more likely than not made by a tire from an eighteen-wheeler truck, as they contend. The plaintiffs should have the opportunity to present evidence, such as the testimony of an expert in accident reconstruction, that might convince a trier of fact that the marks on top of Ms. Brooks' car are consistent with the type of marks that a flying tread from a truck tire would make.

Chain of Events
If a trier of fact determines that the marks on Ms. Brooks' car were made by a truck tire hitting the car, then the trier of fact must consider whether the tire originated from a truck and traveled directly from the truck to Ms. Brooks' car in an unbroken chain of events. The plaintiffs' contention is that a piece of a tire on an eighteen-wheeler truck became detached from the tire as the truck was traveling on the interstate at the same time Ms. Brooks' car was also traveling on the interstate. The plaintiffs further contend that the piece of tire was propelled upward through the air and that it was airborne from the time it was detached from the rest of the tire until it hit the windshield of Ms. Brooks' car. There were no witnesses to the events that the plaintiffs claim transpired. In the absence of direct evidence, such as the testimony of a witness, the plaintiffs must use circumstantial evidence to prove their contention that the piece of a tire left the tire of a truck and in an unbroken chain of events hit Ms. Brooks' car causing injury to the plaintiffs.
It is clear that circumstantial evidence may be used to prove a plaintiff's case. In Lacey v. Louisiana Coca-Cola Bottling Co., 452 So.2d 162 (La.1984), the Louisiana Supreme Court stated:
If circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes.
452 So.2d at 164 (emphasis in original). This Court has held that circumstantial evidence may also be used to defeat a motion for summary judgment. Wood v. Becnel, XXXX-XXXX (La.App. 4 Cir. 2/26/03), 840 So.2d 1225.
In this case Mr. Scott testified in a deposition that the object that hit the windshield of the car was a piece of a tire that he found lying on the ground behind Ms. Brooks' car. Because of the size of the piece of the tire, Mr. Scott determined that it must have come from an eighteen wheeler *425 truck rather than from an automobile or other smaller vehicle. Both Mr. Scott and Ms. Brooks testified that they saw eighteen-wheeler trucks traveling on the interstate in the opposite direction from which Ms. Brooks' car was traveling. Ms. Brooks testified that she saw an eighteen-wheeler truck immediately after the windshield of her car was struck by a flying object, and Mr. Scott testified that right after the impact, he saw several eighteen-wheeler trucks within two or three car lengths of Ms. Brooks' car.
We think that there is sufficient circumstantial evidence in this case to create a material issue of fact and to defeat a motion for summary judgment. If the trier of fact determines that a piece of a truck tire hit the windshield of Ms. Brooks' car, then the trier of fact must determine whether the truck tire hit the car in a chain of events beginning with a piece of a truck tire becoming detached from a truck traveling on the interstate and concluding with that piece of tire hitting the car after being propelled through the air. There is a genuine issue of material fact regarding how what appeared to Mr. Scott to be a portion of a truck tire happened to land on the windshield of Ms. Brooks' car. Once it is determined that the foreign object that hit Ms. Brooks' car was a portion of a truck tire, there is a genuine issue of material fact regarding its source. The trier of fact must determine whether the piece of tire originated from an unknown source and fell onto the interstate into the path of the car, whether a piece of a tire that had been lying on the interstate somehow ascended onto Ms. Brooks' car, or whether a portion of a truck tire that came directly from a truck traveling on the interstate in proximity to Ms. Brooks' car hit the car.
The plaintiffs are entitled to try to prove at trial by a preponderance of the evidence that it is more likely than not that Ms. Brooks' car was hit by a piece of a truck tire. The plaintiffs are further entitled to try to prove by a preponderance of the evidence that it is more likely than not that in a continuous, unbroken chain of events the piece of tire became detached from a truck traveling on the interstate when Ms. Brooks' car was also on the interstate, became airborne, and remained airborne until it hit Ms. Brooks' car.
In this case the plaintiffs are opposing summary judgment. Because the factual inferences reasonably drawn from the circumstantial evidence presented by the plaintiffs are to be construed in the plaintiffs' favor at this juncture in the proceedings, summary judgment should not be granted.

CONCLUSION
Based on the foregoing, the judgment of the trial court is reversed. This case is remanded to the trial court for further proceedings in accordance with this opinion.
JONES, J., Concurs with reasons
I agree that the district court erred in granting the Motion for Summary Judgment, but write separately.
The initial legislation relating to what was known as a "phantom vehicle," addressed the question of vehicles allegedly causing accidents without a collision of any kind with the tortfeasor's vehicle. However, when a "part" of the tortfeasor's vehicle collides with the victim's vehicle, this constitutes, for me, a collision, and is therefore covered by plaintiff's UM coverage.
A question of material fact exists as to whether plaintiff's vehicle collided with an object forming part of the tortfeasor's vehicle. *426 And for this reason, I concur herein.
NOTES
[1] Although the plaintiff's name is given in the Petition for Damages as Ernest Scott Cleveland, in his deposition, he stated that his name is Earnest Cleveland Scott. In this opinion we will refer to him as Earnest Cleveland Scott.