IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0106
════════════
 
Nationwide Insurance 
Company, Petitioner,
 
v.
 
Mohamad Elchehimi, 
Individually and as Parent and Next Friend of Khaled Elchehimi and Lukman 
Elchehimi, Minors, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
 
            
Justice O’Neill, joined by 
Justice Medina, dissenting.
            
An axle-and-wheel assembly detached from an unidentified tractor-trailer 
and, propelled by the vehicle’s momentum, flew across the highway median, 
striking Mohamad Elchehimi’s car and injuring its occupants. The Court concludes 
there was no actual physical contact between the two vehicles as the 
uninsured-motorist statute requires, and thus Elchehimi was not covered under 
his standard automobile insurance policy. The Court purports to rely upon the 
statute’s plain language, but nothing in that language compels the Court’s 
holding and the statute’s remedial purpose clearly belies it. In my view, when 
an integral part of an unidentified vehicle is propelled by the vehicle’s 
momentum and, in a continuous and unbroken sequence of events, collides with an 
insured’s vehicle, “actual physical contact” with a “motor vehicle” has occurred 
and coverage is afforded under the statute. Because the Court holds otherwise, I 
respectfully dissent.
 
I. The Statute
            
The uninsured-motorist (UM) statute was enacted to protect 
conscientious motorists from “financial loss caused by negligent financially 
irresponsible motorists.” Act of Oct. 1, 1967, 60th Leg., R.S., ch 202, § 3, 
1967 Tex. Gen. Laws 448, 449; see Stracener v. United Servs. Auto. Ass’n, 
777 S.W.2d 378, 382 (Tex. 1989). The statute protects motorists by 
requiring that all Texas automobile insurance policies provide 
coverage to the insured when the insured is hit by a motorist who is uninsured, 
underinsured, or unidentified.[1] Tex. Ins. Code §§ 1952.101–1952.104. 
The statute is designed to reward responsible motorists who purchase 
insurance by providing them with coverage when the at-fault party’s insurer is 
unable to provide compensation for their injuries because the party is 
uninsured, underinsured, or unidentified. We have repeatedly and consistently 
held that because the UM statute is remedial, it should be construed liberally 
to give full effect to the Legislature’s purpose in enacting it — to provide 
coverage to insured motorists. Old Am. County Mut. Fire Ins. Co. v. 
Sanchez, 149 S.W.3d 111, 115 (Tex. 2004) 
(“Th[e] Court has recognized that, because of their remedial purposes, [sections 
of the UM statute] should be liberally interpreted to give effect to the public 
policy that led to their enactment.”); Tex. Farm Bureau Mut. Ins. Co. v. 
Sturrock, 146 S.W.3d 123, 128 (Tex. 2004); Stracener, 777 S.W.2d at 
382.
            
Under the UM statute, when the owner or operator of a vehicle who would 
otherwise be liable to the insured is unknown, “actual physical contact must 
have occurred between the motor vehicle owned or operated by the unknown person 
and the person or property of the insured.” Tex. Ins. Code § 1952.104(3). The 
Legislature understandably included this requirement to prevent fraud; insureds 
without collision coverage who are involved in one-car accidents might be 
tempted to claim a “phantom car” was at fault in order to obtain coverage if 
they did not have to prove there was “actual physical contact” with the unknown 
“motor vehicle.” Smith v. Nationwide Mut. Ins. Co., No. 04-02-00646-CV, 
2003 Tex. App. LEXIS 5056, at *4–*5 (Tex. App.—San Antonio June 18, 2003, pet. denied). 
            
Whether the requirements of section 1952.104(3) are met when something 
less than the entire unknown vehicle collides with an insured vehicle is an 
issue of first impression for our Court, but our courts of appeals have decided 
a number of cases establishing some guiding principles. In Latham v. Mountain 
States Mutual Casualty Co., for example, the court held that when an unknown 
vehicle strikes another vehicle, which in turn strikes the insured, the 
requirements of the section are met and coverage is afforded. 482 S.W.2d 655, 
657 (Tex. Civ. App.—Houston [1st Dist.] 1972, writ ref’d n.r.e.).[2] However, collisions with cargo that has 
fallen from an unidentified vehicle or with debris in the roadway have been held 
not to constitute “actual physical contact” with a “motor vehicle.” 
Deville, 988 S.W.2d at 333; Williams, 849 S.W.2d at 861; 
Smith, 2003 Tex. App. LEXIS 5056, at *7 (holding that a collision with 
the loading ramp of a trailer was not “actual physical contact” with a “motor 
vehicle”).          
            
Thus, our courts of appeals have reasonably concluded that contact with 
something other than a vehicle or a part of a vehicle, such as road debris or 
cargo, does not constitute contact with a “motor vehicle” for purposes of the UM 
statute. Deville, 988 S.W.2d at 333; Williams, 849 S.W.2d at 861. 
In Smith, the court of appeals took the analysis one step further, 
concluding that contact with a vehicle part does not trigger coverage. 2003 
Tex. App. 
LEXIS 5056, at *7. Although the court in Smith recognized that its 
holding was at odds with the UM statute’s remedial purpose, it failed to 
consider that remedial statutes are to be construed liberally in order to 
further that purpose. Id. at *1; see Stracener, 
777 S.W.2d at 382.
            
In this case, the court of appeals considered and adopted the 
integral-parts test. 183 S.W.3d 833, 838–39. Under that test, there is “actual 
physical contact” with a “motor vehicle” for purposes of the UM statute when the 
insured is struck by an integral part of another vehicle and there is a temporal 
continuity between the part’s detachment from the unknown vehicle and collision 
with the insured. Id. The temporal-continuity requirement 
exists in order to preserve the anti-fraud purpose of the “physical contact” 
element by requiring the insured to show that another motor vehicle was in fact 
the cause of the collision. See Allstate Ins. Co. v. Killakey, 580 N.E.2d 
399, 401 (N.Y. 1991). I believe the integral-parts test comports with the 
statutory language and best serves its remedial purpose. See Sanchez, 149 
S.W.3d at 115; Sturrock, 146 S.W.3d at 128; Stracener, 777 S.W.2d 
at 382. 
            
Under the Court’s analysis, though, only a collision with an entire motor 
vehicle is covered under the UM statute. That rigid construction undermines the 
Legislature’s object in mandating UM coverage and does nothing to further the 
purpose advanced by section 1952.104(3)’s “actual physical contact” requirement. 
It is true that the integral-parts test is not expressed as such in the 
statute’s text, but neither does the statute specify that actual physical 
contact with a motor vehicle as a whole is required. Both the 
integral-parts test and the Court’s interpretation require construing a statute 
intended to be remedial in effect. Nothing in the statute itself compels the 
Court’s conclusion that only a collision with the motor vehicle as a whole will 
satisfy the statute, and the Court’s restrictive interpretation of section 
1952.104(3) places that provision in tension with the UM statute’s fundamental 
purpose. See Smith, 2003 Tex. App. LEXIS 5056, at *1. The integral-parts 
test, on the other hand, comports with the statutory language and furthers its 
underlying purpose. See Stracener, 777 S.W.2d at 382. 
            
Moreover, the Court’s construction does nothing to further the anti-fraud 
purpose behind the requirement of “physical contact” with a “motor vehicle.” 
See Deville, 988 S.W.2d at 335 (Cohen, J., concurring). Under both the 
integral-parts test and the Court’s interpretation, the insured must show that 
“actual physical contact” occurred and that the contact was with an unknown 
motor vehicle. Whether that contact was with an integral vehicle part propelled 
into the insured’s vehicle by a continuous and unbroken sequence of events, or 
was with an unknown vehicle as a whole, makes little difference in light of the 
statutory purpose to protect responsible motorists and at the same time prevent 
fraudulent claims. 
            
In this case, no one questions that there was “actual physical contact” 
between the axle-and-wheel assembly and Elchehimi’s vehicle, or that there was a 
temporal nexus between the assembly’s detachment from the truck and the 
collision. Nor is there any question of fraud, or doubt that the collision was 
the unidentified truck’s fault. Yet under the Court’s analysis the Elchehimis, 
who responsibly purchased UM insurance, are denied coverage for their injuries. 
Nothing in the statutory language or purpose compels that result.
            
In reaching its holding today, the Court relies not on any definitions in 
the UM statute but on the Texas Transportation Code’s definition of “motor 
vehicle”: a “self-propelled vehicle designed for use on a highway, a trailer or 
semi-trailer designed for use with a self-propelled vehicle, or a vehicle 
propelled by electric power from overhead wires and not operated on rails.” 
Tex. Transp. Code § 601.002(5). 
Texas Insurance Code section 1952.101(a), a part of the UM statute, references 
chapter 601 of the Transportation Code as the chapter that governs the minimum 
liability limits for automobile insurance and specifies who must carry such 
insurance for what kinds of vehicles. See, e.g., id. § 601.051. 
Thus, this definition of “motor vehicle” governs what types of vehicles must be 
insured and logically only includes intact motor vehicles. In the case of 
vehicle collisions, however, the distinction between motor vehicles that as a 
whole cause damage and motor vehicles whose integral parts directly and 
immediately cause damage is illogical and undermines the purpose behind the UM 
statute. See Killakey, 580 N.E.2d at 401. Furthermore, the definition of 
“motor vehicle” in section 601.002(5) of the Transportation Code is expressly 
applicable only to chapter 601 of the Transportation Code, Tex. Transp. Code § 601.002 (specifying 
definitions for use “[i]n this chapter”); there is no indication that it is 
designed to be applied in other contexts. I would decline to apply that 
definition here, where doing so is contrary to the purpose of the UM statute. 

II. Other Jurisdictions
            
The substantial majority of states with UM statutes that require 
hit-and-run coverage have considered language identical or similar to our UM 
statute and determined that coverage exists in situations far more attenuated 
than that presented here. In these circumstances, we should strive for 
uniformity as much as possible. See Union Fire Ins. Co. of Pittsburgh, Pa. v. 
CBI Indus., Inc., 907 S.W.2d 517, 522 (Tex. 1995). Eleven such states have 
statutes similar to ours in that they require “physical contact” or “actual 
physical contact” with a “motor vehicle,” “vehicle,” or “automobile” to trigger 
coverage.[3] See Cal. Ins. Code § 11580.2(b)(1) (Deering 
2007); Fla. Stat. Ann. § 
627.736(4)(e)(1) (West 2008);[4] Ga. Code Ann. § 33-7-11(b)(2) (2007); 
215 Ill. Comp. Stat. Ann. 
5/143a(2)(i) (West 2007); Mich. 
Comp. Laws Serv. § 257.1112 (LexisNexis 2008); Miss. Code Ann. § 83-11-103(c)(v) 
(2008); Nev. Rev. Stat. Ann. § 
690B.020(3)(f)(7) (LexisNexis 2007); N.C. Gen. Stat. § 20-279.21(b)(3)(b) 
(2007);[5] N.Y. Ins. Law § 5217 (Consol. 2008); 
W. Va. Code Ann. § 
33-6-31(e)(iii) (LexisNexis 2007); Wis. Stat. Ann. §§ 632.32(2)(a), 
(4)(a)(2)(b) (West 2007);[6] see generally David J. 
Marchitelli, Annotation, Uninsured Motorist Indorsement: Construction and 
Application of Requirement That There Be “Physical Contact” with Unidentified or 
Hit-and-Run Vehicle; “Hit-and-Run” Cases, 79 A.L.R.5th 289 (2000). Another 
five states require either physical contact with the unidentified motor vehicle 
or, if there was no physical contact, that the insured meet additional 
evidentiary burdens, such as producing a disinterested eyewitness or proving by 
clear and convincing evidence that the accident was caused by another vehicle. 
See Ariz. Rev. Stat. § 
20-259.01(M) (2007); La. Rev. 
Stat. Ann. § 22:680(1)(d)(i) (2008); S.C. Code Ann. § 38-77-170(2) (2007); 
Tenn. Code Ann. § 
56-7-1201(e)(1)(B) (2008); Wash. 
Rev. Code Ann. § 48.22.030(2), (8) (West 2008).
            
Of these sixteen jurisdictions, many have not had occasion to consider 
the integral-parts test because their courts have interpreted the requirement of 
“physical contact” with a “motor vehicle” more liberally than our courts have 
done. For example, some states require coverage when the insured’s injuries are 
the result of contact with cargo, e.g., Pham v. Allstate Ins. Co., 
254 Cal. Rptr. 152, 155 (Cal. Ct. App. 1988), debris propelled by another 
vehicle, e.g., So. Farm Bureau Cas. Ins. Co. v Brewer, 507 So. 2d 
369, 372 (Miss. 1987); Progressive Classic Ins. Co. v. Blaud, 132 P.3d 
298, 300–01 (Ariz. Ct. App. 2006); Barfield v. Ins. Co. of N. Am., 443 
S.W.2d 482, 486 (Tenn. Ct. App. 1968), or even when there is no contact at all, 
e.g., Lumbermens Mut., 368 So. 2d at 350 (Florida). These courts 
have generally reasoned that since the “physical contact” with a “motor vehicle” 
language can be interpreted in a number of ways and the UM statute is remedial, 
a liberal interpretation favoring coverage should be applied. See, 
e.g., So. Farm Bureau, 507 So. 2d at 371–72; Progressive 
Classic, 132 P.3d at 300; Pham, 254 Cal. Rptr. at 155; 
Barfield, 443 S.W.2d at 486. Several of these courts have also noted that 
requiring contact with an entire vehicle does nothing to further the anti-fraud 
purpose of the physical contact requirement. See, e.g., So. Farm 
Bureau, 507 So. 2d at 372; Progressive Classic, 132 P.3d at 300. 
            
Seven of the sixteen states with statutes similar to Texas’s have 
considered whether the requirements of the statute are met when a vehicle part 
becomes detached from an unidentified vehicle and makes contact with the 
insured’s vehicle. Two of those states have found “physical contact” with a 
“motor vehicle” when any vehicle part becomes detached and strikes the insured. 
Theis, 606 N.W.2d at 163 (Wisconsin);[7] Brooks v. State Farm Mut. Auto. Ins. 
Co., 855 So. 2d 419, 425 (La. Ct. App. 2003). Four have adopted the more 
restrictive integral-parts test. Killakey, 580 N.E.2d at 401 (New 
York); State Farm Fire & Cas. Co. v. Guest, 417 S.E.2d 419, 422 (Ga. 
Ct. App. 1992); Ill. Nat’l Ins. Co. v. Palmer, 452 N.E.2d 707, 707, 709 
(Ill. App. Ct. 1983);[8] Adams v. Mr. Zajac, L.C.L. Transit 
Co., 313 N.W.2d 347, 349 (Mich. Ct. App. 1981). Only one has expressly 
rejected it. Davis v. Doe, 331 S.E.2d 352, 353 (S.C. 1985).
            
Those courts that have either adopted the integral-parts test or 
determined that physical contact with any vehicle part is sufficient to require 
coverage have emphasized that the requirement that there be “physical contact” 
with a “motor vehicle” is designed to prevent fraud by ensuring that another 
vehicle was involved in the accident. See Theis, 606 N.W.2d at 168; 
Killakey, 580 N.E.2d at 400; Palmer, 452 N.E.2d at 707; Adams, 
313 N.W.2d at 348. However, requiring that a motor vehicle as a whole 
strike the insured’s vehicle to trigger coverage does nothing to further the 
purpose of preventing fraud and frustrates the overarching remedial purpose of 
the UM statute, which is designed to compensate responsible motorists for 
injuries caused by negligent and irresponsible drivers. See Theis, 606 
N.W.2d at 168; Guest, 417 S.E.2d at 421; Adams, 313 N.W.2d at 349. 
As the highest court of New York aptly stated:
 
The remedy 
for distinguishing between valid and fraudulent hit-and-run claims should rest 
on the proof that there was, indeed, an unidentified vehicle and that physical 
contact with the vehicle caused an accident, not on artificial distinctions 
between accidents involving a vehicle and those which may involve parts which 
undeniably come from it. 
 
 
Killakey, 580 N.E.2d at 
401.
            
All but one of the states to have considered the issue have determined 
that physical contact with a part or an integral part of a motor vehicle is 
sufficient to invoke coverage. Although these decisions are not binding on this 
Court, the weight of their authority is at least instructive. The Court rejects 
the integral-parts test on the premise that it would be practically 
unmanageable; however, the fact that so many other jurisdictions have applied 
the test for decades indicates otherwise. 
* 
* * 
            
Because we are to interpret the UM statute liberally, and because the 
integral-parts test best furthers the statute’s language and remedial purpose 
while preserving the anti-fraud objectives of the “actual physical contact” with 
a “motor vehicle” requirement, I would adopt that test and affirm the court of 
appeals’ judgment. Because the Court does not, I respectfully dissent. 
 
            
            
            
            
_______________________________________________________
            
            
            
            
Harriet O’Neill
            
            
            
            
Justice
 
 
OPINION DELIVERED: March 28, 
2008






[1] Elchehimi’s 
vehicle was covered by Nationwide’s standard Texas automobile insurance policy. 
That policy included UM coverage, as defined by the Texas Insurance Code. Both 
parties agree that interpretation of the UM statute governs the scope of 
coverage under the policy.

[2] Both 
Nationwide and the Court insinuate that Latham is not good law or is 
inapplicable because the policy language at issue in Latham did not 
include the word “actual” and no court has extended the principle in Latham 
to other fact scenarios. However, our courts of appeals have repeatedly held 
that Latham applies to the current statute, even though the statute 
includes the word “actual,” and have affirmed that it is still valid law. 
E.g., Smith, 2003 Tex. App. LEXIS 5056, at *5; Tex. Farmers 
Ins. Co. v. Deville, 988 S.W.2d 331, 334 (Tex. App.—Houston [1st Dist.] 
1999, no pet.); Williams v. Allstate Ins. Co., 849 S.W.2d 859, 860–61 
(Tex. App.—Beaumont 1993, no writ). When the Legislature first codified coverage 
of collisions with unknown motor vehicles in 1977, it included the “actual 
physical contact” requirement. Act of May 6, 1977, 65th Leg., R.S., ch. 182, § 
1, art. 5.06-1(2)(d), 1977 Tex. Gen. Laws 370, 371. Prior to 1977, the UM 
statute did not mention unknown motor vehicles whatsoever. See Act of May 
16, 1967, 60th Leg., R.S., ch. 203, § 1, art. 5.06-1, 1967 Tex. Gen. Laws 448, 
448–49.

[3] Some states 
require coverage absent any physical contact requirement whatsoever. 
E.g., Conn. Gen. Stat. Ann. § 
38a-336 (West 2008); Okla. Stat. 
Ann. tit. 36, § 3636 (West 2007). 

[4] Although the 
Florida statute requires “physical contact,” the Florida Supreme Court has held 
that the requirements of the statute are met if the insured can show that his or 
her injuries were “caused by” the identified vehicle even if there was no 
physical contact. Lumbermens Mut. Cas. Co. v. Castagna, 368 So. 2d 348, 
350 (Fla. 1979).

[5] The North 
Carolina statute uses the term “collision” instead of “physical contact,” but 
the Supreme Court of North Carolina has interpreted the statute to require 
“physical contact.” Andersen v. Baccus, 439 S.E.2d 136, 137–38 (N.C. 
1994). 

[6] The Wisconsin 
statute does not use the term “physical contact,” but the Wisconsin Supreme 
Court has interpreted the “hit” in “hit-and-run” to require physical contact. 
Theis v. Midwest Sec. Ins. Co., 606 N.W.2d 162, 165–66 (Wis. 
2000).

[7] In 
Theis, it was unclear whether the tractor-trailer part that struck the 
insured was debris that was propelled by another unidentified vehicle or whether 
the part detached from and was propelled by the same vehicle. 606 N.W.2d at 163. 
However, the Supreme Court of Wisconsin did not consider that distinction 
important. Id. The holding appears to be limited to vehicle parts and 
inapplicable to other types of road debris that might be propelled into traffic. 
Id. at 167.

[8] The Supreme 
Court of Illinois has followed and approved of the reasoning in Palmer. 
Hartford Accident & Indem. Co. v. LeJeune, 499 N.E.2d 464, 466 (Ill. 
1986).