MICHAEL E. KIRBY, Judge.
hThe plaintiff, Arthur Dumaine (“Mr.Dumaine”) appeals the trial court’s granting of summary judgment in favor of the defendant, Gulf Group, Inc. (“Gulf’). For the reasons ascribed below, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Mr. Dumaine alleges injury as a result of a fall that occurred outside his home on July 26, 2002. Mr. Dumaine resided at 429 Hammond Highway on the Orleans Parish side of the 17th Street Canal. At the time of the incident, there was ongoing construction in the area related to the new bridge project. Gulf was the primary contractor on the project pursuant to a contract with the U.S. Army Corps of Engineers.
On .the day of the accident, Mr. Dumaine maintains he was bringing garbage to the curb when he stepped into a hole that was left in the ground after the removal of one of the construction project traffic control signs. Mr. Dumaine alleges that as a result of the fall, he sustained an injury to his testicles, which necessitated surgery. It is Mr. Dumaine’s contention that Gulf placed a sign on his 12property adjacent to the curb and later removed the sign leaving the open hole in the ground.
The instant lawsuit was filed against Gulf. In response, Gulf filed a motion for summary judgment, which was heard in the district court on February 16, 2006. In support of the motion, Gulf presented the affidavit of Mike Morningstar (“Mr.Morningstar”), General Superintendent of Gulf, who claimed to have personal knowledge regarding Gulfs work on the construction project. Mr. Morningstar stated that Gulf did not place nor remove the traffic sign as complained of by Mr. Dumaine, and further, that Gulf did not direct any of its subcontractors to place or remove the sign. Also presented in support of the motion for summary judgment were excerpts from Mr. Dumaine’s deposition to show that he lacked personal knowledge of the identity of the workers who placed or removed the sign in question.
It appears from the record that at the hearing on the motion for summary judgment, Gulf referenced excerpts from the deposition of Gulfs Vice President, Sam Stone (“Mr.Stone”). Mr. Stone stated that he was not on the jobsite everyday, and further, that he had no personal knowledge of the sign in question. Mr. Stone did state, however, that Gulf provided the majority of the signs and barricades that were used to direct traffic at the jobsite.
After the matter was taken under advisement, Mr. Dumaine attempted to introduce Mr. Stone’s entire deposition in connection with the filing of a supplemental memorandum. Mr. Dumaine contends that he filed the supplemental memorandum with the clerk of court and that a copy of the motion was delivered to the *885 judge’s chambers. He later argued in his motion for new trial that the supplemental memorandum was not in the court record, suggesting that the trial |,judge may not have had the benefit of the memorandum and the entire deposition when he granted the motion for summary judgment in favor of Gulf. We have no way of knowing whether the trial court considered Mr. Du-maine’s supplemental memorandum and the entire deposition of Mr. Stone. Regardless, Mr. Stone’s entire deposition is part of the record before us; and, therefore, we will consider the deposition testimony in our de novo review.
After taking the matter under advisement, summary judgment was granted in favor of Gulf on February 17, 2006. Mr. Dumaine’s motion for new trial was denied on March 3, 2006. This timely appeal followed.
On appeal, Mr. Dumaine asserts the following assignments of error: 1) the trial court erred by failing to weigh the circumstantial evidence presented in opposition to the summary judgment; 2) the trial court erred by weighing the likelihood that the non-mover will prevail on the merits rather than, as the law requires, simply whether there are issues of material fact; 3) the trial court made its ruling without benefit of Mr. Dumaine’s Supplemental Memorandum in Opposition to Motion for Summary Judgment which was inexplicably missing from the record; 4) Gulf failed to make a prima facie showing that there was an absence of factual support for Mr. Du-maine’s claim; and 5) the trial court erred in shifting the burden to the plaintiff to present evidence of a material factual dispute.

STANDARD OF REVIEW:

Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Champagne v. Ward, 2003-2311, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). If the mover meets this initial burden, the burden then shifts to. the other party to present factual support adequate to establish that he will be able to satisfy the evidentia-ry burden at trial. Richard v. Hall, 2003-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if the non-moving party fails to meet this burden, there is no genuine issue of material' fact and the mover is entitled to summary judgment as a matter of law. Id. The Supreme Court has recognized that a “genuine issue” is a “triable issue,” an issue in which reasonable persons could disagree. Jones v. Estate of Santiago, 2003-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A “material fact” is one as to which “its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Id.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050. The court must draw those inferences from the undisputed facts, which are most favorable to the party opposing the motion. Id.
To determine whether the trial court erred in granting summary judgment in favor of Gulf, we must determine whether there.are any genuine issues of material fact. In conducting our review, this Court must construe any factual inferences *886 drawn from the evidence in favor of Mr. Dumaine who is opposing the Motion for Summary Judgment. Further, in determining whether an issue is genuine, this Court cannot make determinations on the merits of Mr. Dumaine’s claim, make | Bcredibility determinations, or evaluate the weight of the evidence. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 236; Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, 830.

DISCUSSION:

In its judgment, the trial court stated:
“In the instant matter, plaintiff has failed to provide any evidence that the defendant, Gulf Group, Inc., did in fact remove the sign in question which led to the injuries complained of in this lawsuit. At the hearing, plaintiff merely pointed out that defendant could not prove that he didn’t. As stated above, it is the plaintiffs burden to provide this element of proof. In the Court’s opinion he has not.”
Mr. Dumaine argues that the trial court erred by failing to or improperly weighing the circumstantial evidence. It is Mr. Du-maine’s contention that strong circumstantial evidence was presented to show that Gulf, or its agents or employees, placed and subsequently removed the traffic sign, thereby creating a hazardous condition.
Gulf counters that Mr. Dumaine is relying on allegations or conjecture to establish a genuine issue of material fact. More specifically, Gulf asserts that Mr. Dumaine must present evidence to establish that Gulf placed or removed the sign in question. This Court disagrees.
It is well established that circumstantial evidence may be used to prove a plaintiffs case. In Lacey v. Louisiana Coca-Cola Bottling Co., 452 So.2d 162, 164 (La.1984), the Louisiana Supreme Court stated: “If circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable 1 ^hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes.”
Our courts have also established that circumstantial evidence may be used to defeat a motion for summary judgment. Lyons v. Airdyne Lafayette, Inc., 563 So.2d 260 (La.1990); Brooks v. State Farm Mut. Auto. Ins. Co., 2003-0389, (La.App. 4 Cir. 9/24/03), 855 So.2d 419, 424. The circumstantial evidence must exclude with a fair amount of certainty every other reasonable hypothesis and not all other possible causes. Booth v. Acands, 2003-0511, p. 8 (La.App. 4 Cir. 8/13/03), 854 So.2d 979, 984.
In Wood v. Becnel, 2002-1730 (La.App. 4 Cir. 2/26/03), 840 So.2d 1225, the plaintiffs, Mr. and Mrs. Wood, filed suit against then-neighbor, Mr. Becnel, alleging that certain trees on their property had been killed by an application of the herbicide, Bromacil, and that Mr. Becnel or persons under his direct control had intentionally or negligently applied Bromacil to the trees. The trial court granted summary judgment in favor of Mr. Becnel based on a lack of direct evidence and insufficient circumstantial evidence to prove that Mr. Becnel poisoned the Woods’ trees. We reversed, finding that the circumstantial evidence presented by the Woods was sufficient to create a genuine issue of material fact. Moreover, we determined that eyewitness or other direct testimony was not required for the Woods to prove their case.
The Woods alleged that they observed Mr. Becnel spraying chemicals on his property and that they observed grass dying along the fence line between their property and Mr. Becnel’s property. Thereafter, a number of the Woods’ trees *887 died. Soil samples from their property showed the presence of Bromacil. Mr. Becnel testified that he had been in the citrus industry for twenty-seven years and |7that he was certified by the State of Louisiana to obtain and apply commercial chemicals such as Bromacil.
In light of these facts, and the long history of difficulties between these neighbors, the Woods were convinced that Mr. Becnel killed their trees. The petition alleged that Mr. Becnel was the only person who had both the motive to kill the trees and the licenses and expertise necessary to obtain Bromacil and apply it to the trees.
In finding that the circumstantial evidence submitted by the Woods was sufficient to create a material issue of fact, we stated: “The material fact that is at issue is whether Mr. Becnel poisoned the Woods’ trees. A jury or other trier of fact should determine whether the circumstantial evidence excludes with a fair, but not absolute, amount of certainty all reasonable hypotheses for the destruction of the trees other than the hypothesis that Mr. Becnel poisoned them.”
In the present case, we find that Gulf, relying on the affidavit of Mr. Morningstar and the deposition testimony of Mr. Stone and Mr. Dumaine, met its initial burden of proof required by La. C.C.P. art 966. Thereafter, the burden shifted to Mr. Du-maine to show the existence of a genuine issue of material fact.
After our de novo review of the record, we find that Mr. Dumaine presented sufficient circumstantial evidence to create a material issue of fact and defeat Gulfs motion for summary judgment. In support of his assertion that Gulf was responsible for the hole, Mr. Dumaine relied on Mr. Stone’s deposition testimony. Mr. Stone explained that Gulf was the primary contractor on the construction project and that the contract with the U.S. Army Corp of Engineers required Gulf to place traffic control signs. By his own admission, Mr. Stone stated that Gulf provided at least 95% of the equipment (which included the signs, barrels and ^barricades) necessary during the project. Mr. Stone’s testimony on this issue is as follows:
Q. Did Gulf Group provide the signs and the barrels and the barricades that were used to direct traffic at the 17th Street job site?
A. Yes.
Q. Okay. It’s all Gulf Group’s equipment.
A. No, not all of it. A majority of it.
Q. Majority? Which of the equipment used was not Gulf Group’s equipment?
A. I believe probably some of the electric flashing signs and maybe — There could be some of the temporary barricades. There’s even some temporary signs that don’t belong to us.
Q. When you say ours what do you mean by that? Do you own it?
A. For the majority we were under contract, either rent or own the majority of the temporary facilities.
Q. Okay. So the majority of it?
A. Of the temporary facilities, yes.
Q. Now when you say majority would that be 90%, 95%?
A. I would say 95%.
Q. And the other 5% would be?
A. I think, you know, there’s a tendency on jobs like this, like D.O.T, to maybe have some signs up there and Jefferson Parish may have some signs.
It is further evident from Mr. Stone’s testimony that the sign referred to by Mr. Dumaine (the one which says “BRIDGE CLOSED TO TRUCK TRAFFIC”) was in fact the type of sign that Gulf put up. In reference to the particular sign, Mr. | ¡¡Stone was asked, “Is this a sign supplied *888 by Gulf?” He answered, ‘Tes. It could be, yeah. We have signs like that on the job.”

CONCLUSION:

After reviewing the facts in a light more favorable to Mr. Dumaine, the party opposing the motion for summary judgment, we find that Mr. Dumaine has successfully raised a material issue of fact as to whether Gulf was responsible for the removal of the sign, which allegedly contributed to his fall. Because the factual inferences reasonably drawn from the circumstantial evidence presented by Mr. Dumaine are to be construed in his favor at this juncture in the proceedings, summary judgment is not warranted. Accordingly, we find that the trial court erred in granting summary judgment in favor of Gulf and we, therefore, reverse the trial court’s granting of summary judgment and remand this case for further proceedings.
REVERSED AND REMANDED